**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTOINE DONALD WATKINS,

        Plaintiff,

 - v -              Civ. No. 9:10-CV-113
                    (MAD/RFT)

C.O. LABARGE; MT. MCGREGOR CORRECTIONAL
FACILITY; NEW YORK STATE DEP'T OF CORRECTIONS,

        Defendants.

**APPEARANCES:**       **OF COUNSEL:**

ANTOINE DONALD WATKINS
09-A-4734
Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN    DEAN J. HIGGINS, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

   *Pro se* Plaintiff Antoine Donald Watkins brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights while he was incarcerated at Mt. McGregor Correctional Facility. Dkt. No. 1, Compl. Presently before the Court is Defendants' Motion for Summary Judgment, Dkt. No. 19, which Plaintiff opposes, Dkt. No. 21. For the reasons that follow, it is recommended that Defendants' Motion be **granted** and this action be **dismissed**.

## I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon*

*v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II.  DISCUSSION

### A.  Uncontested Material Facts

The following facts were derived mainly from the Defendants' Statement of Material Facts, submitted in accordance with N.D.N.Y.L.R. 7.1, which were not specifically countered nor opposed by Plaintiff. *See* N.D.N.Y.L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.</u>" (emphasis in original)). After reviewing the parties' submissions, the Court finds that each fact is properly supported by admissible evidence and not specifically countered by Plaintiff.

At all times relevant to this action, Plaintiff was an inmate in the custody of the Department

of Corrections and Community Supervision (DOCCS), and was housed at Mt. McGregor Correctional Facility. Dkt. No. 19-1, Defs.' Statement Pursuant to Rule 7.1(a)(3) [hereinafter "Defs.' 7.1 Statement"] at ¶ 1. During the relevant time period, Defendant Edmund LaBarge was employed by DOCCS and worked as a Correction Officer at Mt. McGregor. *Id*. at ¶ 3; Dkt. No. 19-3, Edmund R. Labarge Decl., dated Feb. 17, 2011, at ¶ 1. In November 2009, Watkins was housed in dormitory D-2. Defs.' 7.1 Statement at ¶ 4. In his Complaint, Plaintiff asserts that on November 18, 2009, Defendant LaBarge assaulted him in the D-2 dormitory. Compl. at ¶ II(D). He further claims that on November 18, 19, 20, and 21, 2009, unidentified individuals gave him cube confinement without a hearing and denied him food and showers. *Id*. Though aware of the grievance procedure, Plaintiff did not file any inmate grievance relevant to the events described in the Complaint. *Id*. at ¶¶ IV(A)-(F). His stated reason for not filing any grievance is because "at Mt. McGregor[,] you never win[.] It is better to fight your case outside of the prison walls." *Id*. at ¶ IV(F). Plaintiff did not submit any letters of complaint regarding these incidents to the Superintendent at McGregor, nor did he seek medical treatment for the alleged injuries. Defs.' 7.1 Statement at ¶¶ 13 & 14.

On November 18, 2009, the date of the alleged assault, Defendant LaBarge was never on the D-2 dorm. Instead, he was assigned to the A-1 dorm for his overtime shift and the D-3 dorm for his regular shift; both dorms are located some distance from the D-2 dorm. *Id*. at 17. As for the other days mentioned in the Complaint, Defendant LaBarge was off duty and away from the facility. *Id*. at ¶ 20. Plaintiff's cube confinement arose as a result of a misbehavior report filed by non-party correction officers, for which Plaintiff received a Tier hearing. *Id*. at ¶¶ 22 & 24. While he was confined to his cube, from November 20-24, 2009, Plaintiff was regularly fed and food trays were

brought to him.  *Id*. at ¶ 25.

## B.  Exhaustion

As their first basis for dismissal, Defendants assert that Plaintiff has, by his own admission, failed to fully exhaust his available administrative remedies.  Dkt. No. 19-11, Defs.' Mem. of Law, at pp.3-6.  While his Complaint clearly states that he did not exhaust his administrative remedies, Plaintiff does not address this issue in his Response to Defendants' Motion for Summary Judgment.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that for actions brought by prisoners under 42 U.S.C. § 1983, the inmate must first exhaust his or her administrative remedies.  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted).  Exhaustion is similarly required even if the prisoner asserts futility as an excuse.  *See Booth v. Churner*, 531 U.S. 731, 741 n.6 (2001) (refusing to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") (cited in *Marvin v. Goord*, 255 F.3d 40, 43 (2d Cir. 2001)).  Accordingly, the exhaustion requirements apply even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, provided the grievance tribunal has the authority to take some responsive action.  *See Thomas v. Wright,* 2002 WL 31309190, at *5 (N.D.N.Y. Oct. 11, 2002) (citing *Booth v. Churner*, 531 U.S. 731 (2001)).

In support of their request for dismissal, Defendants provide the Declaration of Sally Reams, Inmate Grievance Supervisor at Mt. McGregor.  Dkt. No. 19-4, Sally Reams Decl., dated Feb. 16, 2011.  Within this Declaration, Ms. Reams describes the Inmate Grievance Program in effect at the

time of the alleged misconduct in Plaintiff's Complaint.  The procedure associated with this Program is also available in Title 7 of the Official Compilation of Codes, Rules, and Regulations of the State of New York.  In New York, administrative remedies consist of a three-step review process.  First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees.[1] N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). The IGRC reviews and investigates the formal complaints and then issues a written determination. *Id*.  Second, if the IGRC decision is appealed, the superintendent of the facility reviews the IGRCs determination and issues a decision.  *Id*. at § 701.5(c).  Finally, if the superintendent's decision is appealed, the Cental Office Review Committee (CORC) makes the final administrative determination.  *Id*. at § 701.5(d).  Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to § 1983 in federal court.  *Bridgeforth v .Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

In her Declaration, Ms. Reams explains that an alternate, informal approach is available in instances where inmates are complaining of harassment, including allegations of assault and/or excessive force.  Reams Decl. at ¶ 10.  In certain circumstances, grievances alleging harassment would be forwarded to the Superintendent, whose handling of the matter depends on the seriousness of the allegations alleged, *i.e.*, the Superintendent could direct an in-house investigation, or contact the Office of the Inspector General, or even request an investigation by the State Police.  *Id*. at ¶¶ 11-12.  If the Superintendent fails to timely respond, or if the grievant is dissatisfied with the result,

---

[1] The IGRC is a five-member body consisting of two voting inmates, two voting staff members, and a non-voting chair (who may be an inmate, staff member of volunteer).  N.Y. COMP. CODES R. & REGS tit.7, § 701.4.

the grievant may appeal to the CORC utilizing the same appeal procedure that applies to those grievances not asserting harassment. *Id*. at ¶ 13. Ms. Reams also informs the Court that "written policies and procedures concerning the Inmate Grievance Program are widely distributed and readily accessible[,]" and are also available in the law library at Mt. McGregor. *Id*. at ¶ 6. As custodian of the records maintained at Mt. McGregor, Ms. Reams performed a search and determined that Plaintiff did not submit a grievance regarding the complained of conduct, nor were letters of complaint submitted directly to the Superintendent. *Id*. at ¶¶ 15, 17, 18, & 19.

Based on the above, it is clear that Plaintiff has failed to exhaust his available administrative remedies with regard to the events alleged in the Complaint. When a prisoner fails to exhaust available administrative remedies, and the time permitted for pursuing such remedies has not expired, the complaint is ordinarily dismissed without prejudice thus allowing the prisoner to submit a grievance to the particular institution. 42 U.S.C. § 1997e(a); *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999); see *also Melo v. Combes,* 1998 WL 67667 (S.D.N.Y. Feb. 18, 1998); *Midgette v. Doe,* 1997 WL 634280, at *1 (S.D.N.Y. Oct. 15, 1997). However, if the underlying claim has no merit, this Court may dismiss it with prejudice, despite the failure to exhaust. 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). Furthermore, if the prisoner failed to exhaust administrative remedies which were available to him after the onset of conditions giving rise to his complaints, yet such remedies are no longer available, *i.e.*, prisoner was transferred to another institution or released from custody, then it is proper for the court to dismiss the complaint **with prejudice** because any attempts

to exhaust would be futile. *Berry v. Kerik*, 366 F.3d 85, 86 (2d Cir. 2004). While Plaintiff's failure to exhaust entitles him to a dismissal without prejudice, further review reveals, as explained below, that Plaintiff's claims lack merit.

### C.  DOCCS and Prison Facility Defendants

Liability may be imposed under 42 U.S.C. § 1983 only upon a "person" whose conduct "deprives a plaintiff of constitutional rights." *Brims v. Tracy*, 1996 WL 153696, at *2 (S.D.N.Y. Apr. 3, 1996). In this regard, DOCCS is not a proper defendant in a section 1983 action. *See Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) (state agency not a "person" within meaning of section 1983 and, therefore, not subject to suit under that provision). Similarly, a prison facility is not a person subject to suit under § 1983. *Brims v. Tracy*, 1996 WL 153696, at *2 (citing *Griffin v. Rikers Island House of Detention For Men*, 1993 WL 17203, at *1 (S.D.N.Y. Jan. 19, 1993)). Accordingly, it is recommended that the Motion for Summary Judgment be **granted** as to DOCCS and Mt. McGregor.

### D.  Personal Involvement

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009).

Based upon this Court's review of the undisputed, material facts, which are fully supported by admissible evidence, no reasonably jury would find that Defendant LaBarge was in physical contact with Plaintiff on the dates in question. In particular, on November 18, 2009, staff planning worksheets, watch commander logs, as well as dormitory and housing logs show that these two individuals were not in the same physical vicinity. *See* Dkt. No. 19-6, William Schnorr Decl., dated Feb. 17, 2011, Ex. A; Dkt. No. 19-9, Dean J. Higgins, Esq., Decl., dated Feb. 18, 2011, Ex. B. And, for the other days mentioned in the Complaint, Defendant LaBarge was not at work. LaBarge Decl. at ¶¶ 11-14; Schnorr Decl. at ¶¶ 17 & 19-20, Ex. B. As for the cube confinement Plaintiff complains he received without a hearing, according to Defendants' submissions, this confinement occurred as a result of a misbehavior report Plaintiff received on November 20, 2009, signed and co-signed by non-defendant correction officers. Schnorr Decl. at ¶ 14, Ex. B. As a result, Plaintiff was confined in his cube until his disciplinary hearing on November 24, 2009. *Id*. Officer LaBarge had no personal involvement in this misbehavior report nor disciplinary action taken.

In response to Defendants' well supported Motion for Summary Judgment, Plaintiff merely counters, in conclusory fashion, that he remembers the incident vividly and that perhaps he got the precise date wrong, but he knows in his "heart and soul" what happened and the Defendants are merely covering up to save their jobs. Dkt. No. 21. Attached to this banal Response is a misbehavior report, dated November 29, 2009, authored by Defendant LaBarge. *Id*. Plaintiff also attaches portions of two disciplinary hearings, one dated November 13, 2009, the other December 7, 2009, for misbehavior reports seemingly authored by Defendant LaBarge. *Id*. It appears, from these scarce submissions, that Plaintiff pled guilty on both occasions to all charges levied in the misbehavior reports. *Id*. None of Plaintiff's submissions support his contentions in his Complaint

against Defendant LaBarge, nor do they show how any issue of material fact remains in this action warranting a trial in this matter.

Thus, after carefully reviewing the Defendants' well supported Motion for Summary Judgment, and Plaintiff's Response, this Court finds that Defendants are entitled to summary judgment and the action should be **dismissed**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 19) be **GRANTED** and this entire case be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 31, 2011
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

*-10-*