**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTOINE DONALD WATKINS,**

                              **Plaintiff,**

  vs.                                                           9:10-cv-113
                                                                              (MAD/RFT)

**C.O. LABARGE, MT. MCGREGOR**
**CORRECTIONAL FACILITY, and NEW YORK**
**STATE DEPARTMENT OF CORRECTIONS,**

                              **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**ANTOINE DONALD WATKINS**
**09-A4734**
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*


**OFFICE OF THE NEW YORK**          **DEAN J. HIGGINS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants


**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On November 21, 2009, Plaintiff *pro se* commenced this civil rights action pursuant to 42

U.S.C. § 1983.  At all times relevant to this action, Plaintiff was an inmate in the custody of the

Department of Corrections and Community Supervision ("DOCCS"), and was housed at Mt.

McGregor Correctional Facility ("Mt. McGregor").  *See* Dkt. No. 19-1 at ¶ 1.  During the relevant

time period, Defendant LaBarge was employed as a correction officer at Mt. McGregor. *See id.* at ¶ 3; Dkt. No. 19-3 at ¶ 1.

In November of 2009, Plaintiff was housed in dormitory D-2. *See id.* at ¶ 4. In his complaint, Plaintiff claims that, on November 18, 2009, Defendant LaBarge assaulted him in the D-2 dormitory. *See* Dkt. No. 1 at ¶ II(D). Plaintiff further claims that, from November 18, through November 21, 2009, unidentified individuals gave him "cube confinement" without a hearing and denied him food and showers. *See id.*; *see also* Dkt. No. 19-1 at ¶ 6. Though aware of the grievance procedure, Plaintiff did not file any inmate grievance relevant to the events described in the complaint. *See id.* at ¶¶ IV(A)-(F). His stated reason for not filing any grievance is because "at Mt. McGregor[,] you never win[.] It is better to fight your case outside of the prison walls." *See id.* at ¶ IV(F). Plaintiff did not submit any letters of complaint regarding these incidents to the Superintendent at Mt. McGregor, nor did he seek medical treatment for his alleged injuries. *See* Dkt. No. 19-1 at ¶¶ 13-14.

On November 18, 2009, the date of the alleged assault, Defendant LaBarge was never on the D-2 dorm. *See id.* at ¶ 17. Instead, he was assigned to the A-1 dorm for his overtime shift and the D-3 dorm for his regular shift; both of which are located some distance from the D-2 dorm. *See id.* As for the other days mentioned in the complaint, Defendant LaBarge was off duty and away from the facility. *See id.* at ¶ 20. Plaintiff's cube confinement arose as a result of a misbehavior report filed by non-party correction officers, for which Plaintiff received a Tier hearing. *See id.* at ¶¶ 22, 24. While he was confined to his cube, in November of 2009, Plaintiff was regularly fed and food trays were brought to him. *See id.* at ¶ 25 (citation omitted).

On February 18, 2011, Defendants filed a motion for summary judgment, in which they argued that the complaint should be dismissed because (1) Plaintiff failed to exhaust his

administrative remedies; (2) DOCCS and Mt. McGregor Correctional Facility are entitled to Eleventh Amendment immunity; and (3) Plaintiff's claims of constitutional violations of his rights based on his conditions of confinement fail to raise triable issues of fact. *See* Dkt. No. 19-11.

In an August 31, 2011 Report-Recommendation and Order, Magistrate Judge Treece first found that, "[w]hile Plaintiff's failure to exhaust entitles him to dismissal without prejudice, further review reveals . . . that Plaintiff's claims lack merit." *See* Dkt. No. 23 at 7-8. Second, Magistrate Judge Treece recommended that the Court dismiss Plaintiff's claims against DOCCS and Mt. McGregor because state agencies and prison facilities are not "persons" within the meaning of section 1983. *See id.* at 8. Finally, Magistrate Judge Treece found that, based upon his review of the undisputed, material facts, which are fully supported by admissible evidence, no reasonable jury could find that Defendant LaBarge was in physical contact with Plaintiff on the dates in question; and, therefore, Defendants are entitled to summary judgment. *See i.d* at 9-10. Neither party objected to Magistrate Judge Treece's August 31, 2011 Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's August 31, 2011 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Treece correctly recommended that Defendants' motion for summary judgment should be granted.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's August 31, 2011 Report-Recommendation and Order is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge